MIDDLE DISTRICT COURT OF PENNSYLVANIA (3RD CIRCUIT)

*LiRongXu*

*3/10/2024*

*LRX*

lirongxu    *pro se*

V

Chief Judge Debra Todd
the Supreme Court of Pennsylvania,

*total Page*

Tuominen Andrea
Court Administrator of PA

*1:25-CV-439*

Steven Rothermel, Deputy
Prothonotary of the Supreme Court of Pennsylvania,

Davin Halland
Chief Clerk Supreme Court of Pennsylvania

**FILED**
HARRISBURG, PA

MAR 1 0 2025

Michael F. Krimmel,
Prothonotary Commonwealth Court of Pennsylvania

PER _____
DEPUTY CLERK

## Introduction

This case addresses the systemic abuse of *per curiam* rulings within the Pennsylvania judicial system, particularly within the Pennsylvania Supreme Court, Commonwealth Court, and Superior Court. The plaintiff alleges that these courts, along with their respective clerks and legal administrators at the Administrative Office of Pennsylvania Courts (AOPC), have engaged in a pattern of judicial misconduct by issuing *per curiam* decisions without proper hearings, fabricating judicial orders, and ignoring legitimate motions for clarification.

The plaintiff has been subjected to a series of *per curiam* rulings across multiple cases, including Pennsylvania Supreme Court docket numbers **205 EM 2024, 237 EM 2024, 238 EM 2024, 280 EM 2024, 67 EM 2024, and 68 EM 2024**, as well as Commonwealth Court docket numbers **282 MD 2024 and 1133 CD 2024**. In total, the courts have issued 30 orders without hearings or judicial signatures, raising concerns about due process violations and potential judicial fraud. Furthermore, the plaintiff's 10 motions seeking clarification were ignored and subsequently denied through additional *per curiam* rulings, exacerbating the lack of transparency and accountability in these judicial proceedings.

Given the repetitive and coordinated nature of these alleged procedural violations, the plaintiff contends that the defendants—including the Pennsylvania Supreme Court, Commonwealth Court, Superior Court, their clerks, and AOPC attorneys — have engaged in conduct that may constitute violations under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**. The plaintiff asserts that this pattern of judicial misconduct not only obstructs justice but also potentially qualifies as a corrupt enterprise under RICO, warranting treble damages

1

and injunctive relief.

This case seeks to expose and remedy the systemic abuse of *per curiam* rulings in Pennsylvania's judicial system, ensure compliance with constitutional due process protections, and hold accountable those responsible for procedural and ethical violations.

Plaintiff contends that these defendants, in their official capacities, engaged in or allowed a pattern of procedural violations amounting to judicial fraud and corruption. Their collective actions obstructed justice, violated constitutional rights, and may constitute racketeering activity under **the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**.

## Jurisdiction Statement

This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343** (civil rights and equal protection violations), as the claims arise under federal law, including the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**, and violations of constitutional due process under the **Fourteenth Amendment**.

Furthermore, this Court has jurisdiction under **28 U.S.C. § 1367(a)** for supplemental jurisdiction over any state law claims that are related to the federal claims, as they form part of the same case or controversy.

Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)**, as the defendants —Pennsylvania Supreme Court, Commonwealth Court, Superior Court, their clerks, and AOPC attorneys—are all government entities and officials operating within the Commonwealth of Pennsylvania, and the alleged misconduct occurred within this jurisdiction.

Additionally, under **18 U.S.C. § 1964(c)**, the plaintiff has standing to bring claims under RICO, seeking treble damages for injuries caused by the alleged pattern of racketeering activity in the Pennsylvania judicial system.

## PARTIES

Plaintiff
Lirong Xu
- Address: 354 Waterloo Blvd, Unit 204, Exton, PA 19341
- Email: lirongxu0524@gmail.com
- Phone: 267-307-3296
Plaintiff Lirong Xu brings this action to challenge the systemic corruption and procedural misconduct within the Pennsylvania judicial system. Xu alleges that the

defendants engaged in a coordinated effort to obstruct justice through the misuse of *per curiam* rulings, denial of due process, and failure to provide transparency in judicial proceedings.

## Defendants

1. Chief Justice Debra Todd, Supreme Court of Pennsylvania

As Chief Justice of the Supreme Court of Pennsylvania, Debra Todd holds ultimate responsibility for ensuring the integrity of the state's judiciary. Her appointment of key judicial officials implicated in this case and her failure to prevent or address systemic judicial misconduct make her accountable for the alleged violations.

2. Tuominen Andrea, Court Administrator of Pennsylvania

As the Court Administrator of Pennsylvania, Tuominen Andrea oversees the administrative functions of the state's judiciary, including case management, procedural enforcement, and judicial conduct oversight. Plaintiff alleges that Andrea played a role in facilitating or permitting procedural irregularities and judicial misconduct within the court system.

3. Steven Rothermel, Deputy Prothonotary, Supreme Court of Pennsylvania

Steven Rothermel serves as the Deputy Prothonotary of the Supreme Court of Pennsylvania, responsible for the filing and management of judicial records. Plaintiff alleges that Rothermel was involved in the improper issuance of *per curiam* rulings and the obstruction of legitimate motions, contributing to systemic due process violations.

4. Davin Halland, Chief Clerk, Supreme Court of Pennsylvania

Davin Halland, as the Chief Clerk of the Pennsylvania Supreme Court, manages court records and procedural filings. Plaintiff asserts that Halland's role in processing or allowing fraudulent judicial orders to stand contributed to the violations at issue.

**The above four defendants have the same mailing address:**

**\*\*Supreme Court of Pennsylvania\*\*  Pennsylvania Judicial Center**

**601 Commonwealth Avenue, Suite 4500**

**P.O. Box 62575  Harrisburg, PA 17106-2575  USA**

5. Michael F. Krimmel, Prothonotary, Commonwealth Court of Pennsylvania

As Prothonotary of the Commonwealth Court, Michael F. Krimmel is responsible for docketing and processing court filings. Plaintiff alleges that Krimmel played a role in perpetuating judicial misconduct through improper case management and refusal to ensure due process protections.

Commonwealth Court of Pennsylvania Pennsylvania Judicial Center

601 Commonwealth Avenue, Suite 2100

P.O. Box 69185 Harrisburg,  PA 17106-9185   USA

Plaintiff contends that these defendants, in their official capacities, engaged in or allowed a pattern of procedural violations amounting to judicial fraud and corruption. Their collective actions obstructed justice, violated constitutional rights, and may constitute racketeering activity under \*\*the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968\*\*.

3

# Statement of Fact

because my case as a mother and the landlord as a case of dispute, and conspired to design a "teenage sexual assault case" CaseNo.CP-51-CR-0007012-2022.to frame my son. When there was no evidence to prove my son's guilt.the police forged a fake "search warrant" Exhibit 1 to convict my son. When the conspiracy failed, the lawyer trick my son into signing a plea agreement, and then arrested my son and deported him to the immigration prison!My son's criminal case, **CP-51-CR-0007012-2022**, had six important motions that the judge did not grant a hearing for. Criminal Judge **O'Keefe J. Scott** formally **closed** the case without a hearing!

The only mistake I made was renting a very shabby shop from the landlord, and believing the lie written in the contract that the shop area was 3,000 square feet!
As for the evidence that the area was 1,000 square feet less and the actual area was 2,000 square feet, none of the three lawyers I hired before submitted it to the court. In the case No. 220300305 where the landlord sued me, the reason for not paying the rent was also because the landlord did not check and negotiate because the area was one-third less!

## I, Superme court of PA 205EAL2024

In my case, **220300305**, dozens of motions were never heard in a hearing to investigate the facts; all of them were **denied**! This was because, in case **220300305**, court officials colluded in fraud and **embezzled my $7,500 appeal bond**! The Philadelphia court denied my motions **without a hearing** and directly issued an **Order Denied**.    When I appealed to the **Superior Court**, they did not hold a hearing and simply issued an **Order Denied** under the name **"Per Curiam"**. I then appealed to the **Pennsylvania Supreme Court (Case No. 205 EAL 2024)**, but again, without a hearing, they issued an **Order Denied** under "Per Curiam."

1) On 2/28/2024, regarding Motion No. 24027246, the Philadelphia court officials, clerks, and judge jointly engaged in corruption and embezzlement, stealing my appeal bond of $7,500. This serious incident was refused for investigation, and without holding a hearing, Judge Roberts Joshua denied it.

2) On 3/11/2024, the order was appealed to the Superior Court under Case No. 794 EDA 2024.

3) The motion concerning internal court corruption in Superior Court Case No. 794 EDA 2024 was denied under the name **Per Curiam** without holding a hearing.

4) On 6/3/2024, Judge Roberts Joshua issued an order related to Motion No. 24027246: **"a check made payable to plaintiff in the amount of $70,006.25."** This amount was

4

incorrect and served as evidence of internal corruption within the Philadelphia court.

5) On 6/6/2024, the plaintiff, Lirong Xu, filed **Motion No. 24067550: "Motion for Recalculation of Appeal Bond and for Production Receipts."**

6) On 7/10/2024, without holding a hearing or conducting any review, the Philadelphia court issued an invalid and misleading order regarding the **Motion No. 24067550** filed on 6/6/2024. This fraudulent order merely crossed out the incorrect amount **$70,006.25** in the 6/3/2024 order and replaced it with **$70,000.00** using black ink—**without any signature at the correction.**

The court ordered the **payout of escrow funds**, and **Check #10021** in the amount of **$70,000.00** was released to **Kingly Enterprise LLC** by an order dated **7/3/2024**. This again proves the corruption and embezzlement by judges and clerks in the Philadelphia court.

7) On 5/28/2024, the case was appealed to the **Supreme Court of Pennsylvania**.

8) On 6/27/2024, a **Motion to Expedite the Ruling on Pending Motions** was filed. At that time, **seven motions** had not been reviewed or ruled upon. Among them, two critical motions were not even assigned to a judge. After submitting this motion to the **Supreme Court Clerk's Office** on 6/27/2024, it was **not promptly registered** under **Case No. 205 EAL**.

However, the **Philadelphia court's case system (Case No. 220300305)** immediately showed that the two critical motions had been assigned to **Judge Roberts Joshua**. Despite this, on **9/3/2024, Judge Levin Craig — who had no connection to my case—denied the motion without a hearing.**

9) On 12/31/2024, the **Supreme Court of Pennsylvania** issued a **Per Curiam order: Denied!** without holding a hearing.

10) On 12/31/2024, the **Supreme Court of Pennsylvania** again issued a **Per Curiam order: Denied!** without holding a hearing. This order was not mailed to me until **1/14/2025**.

11) On **1/14/2025**, Lirong Xu submitted a **motion for reconsideration** by mail.

12) On **2/18/2025**, the **Supreme Court of Pennsylvania** failed to follow legally required procedures. **Without holding a hearing**, it issued a **fraudulent Per Curiam order**, thereby falsifying court documents!

## II, Superme Court of PA 238EAL2024

The plaintiff in this case engaged in **fraudulent actions**, including **misrepresenting the area** and **submitting a false address to the court**, causing **intentional delivery failure** to deceive the court. I filed a **motion to dismiss** with the Philadelphia court, which, according to legal provisions, must be heard. However, without holding a hearing, the judge directly issued an **Order Denied**! I appealed to the **Commonwealth Court**, which also did not hold a hearing and issued an **Order Denied** under "Per Curiam." Then, I appealed to the **Pennsylvania Supreme Court (Case No. 238 EAL 2024)**, which again denied my appeal without a hearing under "Per Curiam."

## III, Superme court of PA 237EAL2024

While my **motions and appeals were still pending in case 220300305**, the Philadelphia court **violated legal procedures** and **forcibly issued an order to hold a trial**! I then appealed to the **Commonwealth Court**, but they transferred the case to the **Superior Court**, which **denied my appeal without a hearing** under "Per Curiam." I further appealed to the **Pennsylvania Supreme Court (Case No. 237 EAL 2024)**.

I sued the landlord for contract fraud case 220801180;Because the landlord **deliberately committed fraud regarding the commercial property ' s area**, I explicitly stated **Fraud** in my case filing. However, the **Philadelphia court clerk intentionally registered the case as "Contract (Goods) Enforce"** and set the case status to **"Transferred to Binding Arbitration."**

## IV, Superme court of PA 280EAL2024

I filed multiple **motions** requesting the case be corrected to **Fraud**, but without holding a hearing, the court **denied** my motions. When I appealed to the **Commonwealth Court**, the case was transferred to the **Superior Court**, which again, **without a hearing**, issued an **Order Denied** under **"Per Curiam."** I then appealed to the **Pennsylvania Supreme Court (Case No. 280 EAL 2024)**, but once again, without a hearing, they issued an **Order Denied** under **"Per Curiam."**

## V, Commonwealth of Court of PA 1133 CD 2024

My son and I have filed a lawsuit against the Philadelphia police, criminal judges, lawyers, the Mayor of Philadelphia, and the Philadelphia government regarding a false search warrant. The case number is 240400036.In **Case No. CP-51-CR-0007012-2022**, the defendant, **Criminal Judge O'Keefe J. Scott**, was represented by **Mallek Megan Linsley**, an attorney from the **AOPC (Administrative Office of Pennsylvania Courts)** of the **Pennsylvania Supreme Court**.

3. **In Philadelphia Court case No. 240400036, the defendant, JUDGE O'KEEFE J.

6

SCOTT, was shielded from trial without any hearing.**

On **August 7, 2024**, another criminal court judge issued a **Denied** order **without holding a hearing**, while the case was still in the normal judicial process. Furthermore, the defendant, **JUDGE O'KEEFE J. SCOTT**, and his attorney, **MALLEK, MEGAN LINSLEY** (a lawyer from the Pennsylvania Supreme Court's **OAPC**), were completely **removed from case No. 240400036** in blatant violation of legal procedures. **(Exhibit Photo 3)**

The **Preliminary Objection** was heard by **Judge Jacquinto Carmella**, who is also a criminal court judge in **Philadelphia**. Judge **Jacquinto Carmella** issued an **order granting the defendant O'Keefe J. Scott's withdrawal from Case No. 240400036**.

4. **When I appealed to the Commonwealth Court (case No. 1133 CD 2024), there were further procedural violations.**

One of the key defendants from the Philadelphia court, **Attorney P. Tinari Eugene**, was intentionally **excluded** from the appeal records of case No. 1133 CD 2024. Despite filing multiple motions, all were **denied without a hearing**. **(Exhibit Photo 4)**

The Pennsylvania Supreme Court has systematically manipulated legal procedures to cover up judicial corruption, obstruct justice, and deprive me of my legal rights!

Since **O'Keefe J. Scott was an essential part of the case**, I appealed to the **Commonwealth Court (Case No. 1133 CD 2024)**. However, on **February 20, 2025**, the court issued a **Notice of Docketing Appeal Exited**, **rejecting my appeal**.

## VI, Commonwealth court of PA   282 MD 2024

On May 28, 2024, I filed a lawsuit in the **Commonwealth Court** against the following three defendants: **The Superior Court of Pennsylvania, the Clerk Benjamin D. Kohler of the Superior Court, and the Clerk Letitia Santaiella** for violating due process, abusing **per curiam** rulings without holding a hearing, depriving me of my right to appeal, and committing fraudulent acts. **Case Number: 282MD2024**.

The **Commonwealth Court** fraudulently registered my case as a **" Petition for Review Filed"** instead of opening a new case. I filed a **"Motion to Correct Filing"**, but without a hearing, the court issued an invalid **order denying** it under **per curiam**.

The essence of this case is directed against the three defendants: **The Superior Court of Pennsylvania, the Clerk Benjamin D. Kohler of the Superior Court, and the Clerk Letitia Santaiella**.

7

All of my motions have been denied under **per curiam** without a hearing.

On **August 1, 2024**, the **Commonwealth Court** issued an order under **per curiam** requiring the three defendants to submit their **Respondents' Briefs** by **September 3, 2024**, and requiring me to submit my **Petitioner's Brief** within 30 days after receiving their briefs.

However, the **Commonwealth Court** engaged in fraudulent behavior. By **September 3, 2024**, the three defendants **failed to submit their Respondents' Briefs within the legally prescribed timeframe**. I have **case registration evidence from after 5:00 PM on September 3, 2024, proving this**.

**Evidence 2**: The court clerk provided me with the **electronic filings** of the three defendants, showing a submission time of **9:00 PM on September 3, 2024**, which was **past the deadline**. This document was falsified by the court. I confirm that, after **September 3, 2024**, the three defendants **never submitted any documents in this case**, as I checked daily. This proves that the court **can systematically manipulate filing timestamps**.

**Evidence 3**: The **submission time on the Respondents' Briefs was manually printed on the document by a printer**, rather than being **recorded by the court's filing system**. I will apply for **official system records** from the court to verify this.

When I filed a **motion to investigate the clerk's fraudulent behavior** and a **motion to clarify the specific judge(s) responsible for the per curiam rulings**, they were **denied without a hearing under per curiam**.

## VII, Superme court of PA 67 EM 2024

The order in case **67 EM 2024** is a **forged court document** by the Pennsylvania Supreme Court, intended to cover up the actions of seven judges in the Philadelphia court who have **stolen my property**. The Pennsylvania Supreme Court is complicit in this corruption and robbery.

The directive in the case—*"The Prothonotary is DIRECTED to strike the name of the jurist from the caption"*—is a deliberate move to protect the Philadelphia court.

Additionally, the **Motion for Emergency Relief to Stay Eviction and Vacate Writ of Possession** does not include the full details of the motion, nor was any hearing conducted to investigate the malicious intent behind the theft of my lawful property. This demonstrates that the true purpose of this order is to facilitate and protect the **criminal theft** of my assets.

The Philadelphia court cases 220300305 and 220801180 involve the same parties and are

8

related cases. However, the Philadelphia court refused to register these two cases as related. Four important motions in these cases were appealed to the Superior Court, but without any hearings or review, the appeals were denied per curiam. I then petitioned the Pennsylvania Supreme Court for allowance of appeal, with case numbers 205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024.

Additionally, I filed a **Petition for Writ of Mandamus** with the Pennsylvania Supreme Court concerning cases 220300305, 220801180, and the appeals 205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024. However, the Chief Clerk deliberately registered only one case number for case 220300305. I subsequently filed a **Motion for Emergency Relief to Stay Eviction and Vacate Writ of Possession**.

Under normal legal procedures, given that the **Petition for Writ of Mandamus (67 EM 2024)** regarding case **220300305** is pending, the Pennsylvania Supreme Court **must not** proceed with or issue any rulings on cases **205 EAL 2024, 237 EAL 2024, and 238 EAL 2024** before resolving **67 EM 2024**. Proceeding otherwise constitutes a **serious procedural error** under Pennsylvania law.

Furthermore, the Chief Clerk's **case registration errors** and the **failure to hold hearings** violate proper legal procedures. The court's orders were issued **per curiam** without specifying the name of the responsible judge. The Chief Clerk merely used a rubber stamp instead of providing a genuine signature on the orders.

Evidence of corruption and collusion within the Pennsylvania Supreme Court and the state court system:

A total of **seven judges** from the Philadelphia court, both in civil and criminal cases, have been directly involved in the **plundering of my lawful property** and in a **criminal case designed to frame my son**. I have **substantial evidence** proving that these cases were **orchestrated by the Pennsylvania Supreme Court itself**, which is also responsible for **protecting and covering up** the actions of these seven Philadelphia court judges.

In Pennsylvania, a **Petition for Writ of Mandamus** is a legal request that asks the court to order a public official or government agency to fulfill their legal duties. Such cases must typically be reviewed and decided by a judge. Below is relevant legal and procedural information regarding this issue:

## VII, Superme Court of PA 68 EM 2024

The order in case **68 EM 2024** is a **forged court document** issued by the Pennsylvania Supreme Court, intended to cover up the **theft of my property** by seven judges from the Philadelphia court. There was no hearing, no reasoning provided,

9

and no indication of which judge presided over the case. Moreover, the clerk's signature on the order was computer-printed. The Pennsylvania Supreme Court has actively participated in this act of corruption and robbery.

The facts are as follows:

1. **The Pennsylvania Supreme Court is shielding corrupt judges from the Philadelphia court!**

In the order issued on **January 17, 2025**, for the Petition for Writ of Mandamus **68 EM 2024**, the court directed:

** "The Prothonotary is DIRECTED to strike the names of the jurists from the caption."**

The true intent of this order was to remove from the case the following corrupt Philadelphia court judges, chief clerks, and court officials with serious misconduct allegations:

**JUDGE O'KEEFE J. SCOTT, JUDGE CRAIG R. LEVIN, JUDGE JOSHUA ROBERTS, JUDGE EDWARD C. WRIGHT, JUDGE LINDA CARPENTER, JUDGE DANIEL J. ANDERS, JUDGE SEAN F. KENNEDY, MANAGER SEAN MACGREGOR, CLERK BENJAMIN D. KOHLER, and CLERK LETITIA SANTARELLI.**

Even though an order was issued on **January 17, 2025**, case **68 EM 2024** was still actively in process. No legitimate judge would issue such a procedurally invalid order. **(Exhibit Photo 1)**

2. **In case No. 68 EM 2024, the attorneys representing the defendant judges, court officials, and clerks were from the Pennsylvania Supreme Court itself!**

The **Administrative Office of Pennsylvania Courts**, specifically **Daley, Michael**, acted as legal counsel for the defendants, demonstrating severe violations of legal procedure by the Pennsylvania Supreme Court. **(Exhibit Photo 2)**

10

# Causes of Action

## I. Due Process Violation

### Factual Basis:

**Fact 1:** In cases **205 EAL 2024, 237 EAL 2024, 238 EAL 2024, 280 EAL 2024, 282 MD 2024, 1133 CD 2024, 67 EM 2024, and 68 EM 2024**, the defendants issued *per curiam* orders without holding hearings, conducting public proceedings, or allowing the plaintiff to present arguments, thereby violating the plaintiff's due process rights.

**Fact 2:** In **CaseNos. 68 EM 2024 and 67 EM 2024**, the *per curiam* order issued on **January 17, 2025**, failed to identify the presiding judge, allowing the corrupt judges involved — **O'Keefe J. Scott, Craig R. Levin, Edward C. Wright, Joshua Roberts, and Linda Carpenter**-–to escape accountability.

**Fact 3:** In **CaseNo. 240400036 (Philadelphia Court)**, on **August 7, 2024**, the court issued a simple "Denied" order **while the case was still ongoing**, depriving the plaintiff of their right to litigation. Additionally, **without a hearing**, the court removed **Judge O'Keefe J. Scott and his AOPC attorney, Megan Linsley Mallek**, from the case record (**Exhibit**).

**Fact 4:** In **Case No. 1133 CD 2024**, the plaintiff's appeal motions were **denied without a hearing**, and defendant attorney **P. Tinari Eugene** was excluded from the court record (**Exhibit**).

### **Legal Basis**:

- **U.S. Constitution, Fourteenth Amendment**: *Guarantees fair notice and the right to a hearing before a neutral tribunal.*

- **Pennsylvania Constitution, Article V, Section 2**: *Court orders must be collectively or explicitly authorized by an authorized judge.*

- **42 Pa.C.S. § 1701 (Void Orders)**: *Orders issued without due process are invalid.*

- **42 U.S.C. § 1983**: *Provides a cause of action against state actors who violate constitutional rights.*

**Fact 5:** In case 1133 CD 2024, Judge Scott J. O'Keefe is represented by an AOPC attorney from the Pennsylvania Supreme Court, while the City of Philadelphia, Government Law Department, Internal Affairs Division, Cherelle L. Parker, and Rahil #775 are defending themselves Pro se. This situation raises multiple legal concerns, including Abuse of Judicial Process and Due Process Violations.

### **Legal Basis**:

• *Due Process Violations (Fourteenth Amendment of the U.S. Constitution)*

• *If the disparity in legal representation among defendants results in unequal litigation status, it may violate the plaintiff's right to due process.*

• *Relevant Laws:*

• *U.S. Const. Amend. XIV (Due Process Clause, which mandates fairness and*

*11*

*impartiality in judicial proceedings).*

- *42 U.S.C. § 1983 (which provides a cause of action against public officials who misuse their authority in legal proceedings).*

**Fact 6:** Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information. These actions constitute multiple legal violations and give rise to the following causes of action:

**Legal Basis***:*

*1. Violation of Procedural Due Process (Fourteenth Amendment, U.S. Constitution)*

- *The Due Process Clause guarantees litigants the right to a fair and transparent judicial process.*
- *The Pennsylvania Supreme Court's failure to hold a hearing before dismissing Plaintiff's emergency motion constitutes a denial of procedural due process (Goldberg v. Kelly, 397 U.S. 254 (1970)).*
- *The use of unsigned per curiam orders without clear accountability further deprived Plaintiff of the right to a fair and reasoned decision.*
- *The court's refusal to clarify which justices were responsible for the ruling obstructs Plaintiff's ability to challenge judicial decisions.*

**Fact 7:** Procedural Violations by the Pennsylvania Supreme Court in Denying Reconsideration Motions

Case Background：

The Pennsylvania Supreme Court issued a Denied Order on December 31, 2024. On January 14, 2025, I filed motions for reconsideration for the following cases: 205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024.

However, the court failed to follow the required legal procedures in reconsidering these motions. It also ignored my request for clarification regarding the identities of the justices involved in the per curiam order. Without holding a hearing or identifying the responsible justices, the court issued another Per Curiam Denied Order on February 18, 2025.

**Legal Basis***:*

*Legal Violations and Procedural Issues*

*The Pennsylvania Supreme Court's handling of the reconsideration motions violated the following procedural rules:*

☑ *Failure to properly review the reconsideration motion (Pa.R.A.P. 2543)*

☑ *Per Curiam Order failed to identify the responsible justices (Pa.R.A.P. 123)*

☑ *Failure to provide a basis for the denial (Pa.R.A.P. 1925)*

☑ *Procedural dismissal potentially violated due process rights (Due Process Violation)*

12

**Fact 8:**The **Chief Clerk of the Supreme Court of Pennsylvania, Davin Halland**, issued a total of **ten orders** in cases **205 EAL 2024, 237 EAL 2024, 238 EAL 2024, 280 EAL 2024, 67 EM 2024, and 68 EM 2024**, all of which contained **printed signatures instead of actual signatures**, violating **due process**.    Due Process Violation

*Legal Basis:*
- **14th Amendment, Due Process Clause** *of the U.S. Constitution*
- **42 U.S.C. § 1983** – *Violation of civil rights*

*Relevant Cases:*
- *Morrissey v. Brewer*, 408 U.S. 471 (1972) – *Due process requires courts to follow proper legal procedures.*
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) – *Improper judicial procedures can render a ruling invalid.*

## II. Judicial Corruption & Conspiracy

**Factual Basis:**

**Fact 1:** The Pennsylvania Supreme Court deliberately removed the names of judges and court officials implicated in corruption allegations (**O'Keefe J. Scott, Craig R. Levin, Joshua Roberts, Edward C. Wright, Linda Carpenter, Daniel J. Anders, Sean F. Kennedy**) and court officials (**Sean MacGregor, Benjamin D. Kohler, Letitia Santarelli**) from official orders.

   - In **Case Nos. 68 EM 2024 and 67 EM 2024**, Pennsylvania Supreme Court AOPC attorney **Michael Daley** represented the implicated corrupt judges and issued a **fraudulent *per curiam* order** on **January 17, 2025**, removing the judges' names from the case caption (**Exhibit**).

   - In **Case No. 240400036**, AOPC attorney **Megan Linsley Mallek** **removed Judge O'Keefe J. Scott from the case without a hearing** (**Exhibit**).

**Fact 2:** The **Administrative Office of Pennsylvania Courts (AOPC)** provided legal defense for these defendants, demonstrating a systemic conspiracy within the judicial system.

   - **Defendants**: Pennsylvania Supreme Court justices, AOPC (including **Michael Daley and Megan Linsley Mallek**), Philadelphia Court judges (**O'Keefe J. Scott, Craig R. Levin, Joshua Roberts, Edward C. Wright, Linda Carpenter, Daniel J. Anders, Sean F. Kennedy**), and court officials (**Sean MacGregor, Benjamin D. Kohler, Letitia Santarelli**).

**Fact 3:** The defendants conspired to fabricate *per curiam* rulings to deprive the plaintiff of judicial rights in multiple cases (**67 EM 2024, 68 EM 2024, 1133 CD 2024**). AOPC attorneys defended these unlawful actions, while the courts issued mutually reinforcing *per curiam* rulings (such as in **282 MD 2024**), forming a coordinated **judicial fraud system** to prevent the plaintiff from obtaining legal relief.

**These actions constitute **organized judicial corruption** and

13

**obstruction of justice.**
*Legal Basis:*

- **18 Pa.C.S. § 903 (Criminal Conspiracy)**: *Defendants collectively engaged in unlawful acts, including document forgery and deprivation of due process rights.*

- **42 U.S.C. § 1985(3)**: *If two or more individuals conspire to deprive someone of their rights, it constitutes an unlawful conspiracy. The joint actions of court officials, judges, and administrative entities may fall under this statute.*

- **U.S. v. Fowler, 198 Pa. 464 (1901)**: *Orders lacking collective judicial authorization or transparency are legally defective.*

**Fact 4:** Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information. These actions constitute multiple legal violations and give rise to the following causes of action:

*Legal Basis: Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. §§ 1961–1968)*

• *RICO applies when an organization engages in a pattern of unlawful activities, including fraud, obstruction of justice, and judicial corruption.*

• *If multiple judicial officers and clerks coordinated to deny due process, fabricate procedural outcomes, and conceal responsible parties, this could form a racketeering enterprise under RICO.*

• *Plaintiff may seek treble damages under 18 U.S.C. § 1964(c) if a pattern of judicial corruption can be demonstrated.*

## III. Unlawful Taking of Property

**Factual Basis:**

**Fact 1:** The unlawful actions of Pennsylvania courts resulted in the **illegal deprivation of the plaintiff's property** (including a shop and its merchandise), and the judicial system failed to provide any **lawful procedure** to protect the plaintiff's rights.

- **Legal Basis**: The **Takings Clause** of the **Fifth Amendment** and the **Fourteenth Amendment** *protect individuals from unlawful government seizure of property without just compensation.*

**Fact 2:** Defendants, who have already been named in other legal cases, including Philadelphia Court judges (**O'Keefe J. Scott, Craig R. Levin, Joshua Roberts, Edward C. Wright, etc.**), **abused their judicial power to unlawfully seize the plaintiff's property** and concealed this misconduct through **forged orders issued by the Pennsylvania Supreme Court**.

14

**Legal Basis:**
  - **42 Pa.C.S. § 8301 (Conversion of Property)**
  - **18 Pa.C.S. § 3921 (Theft by Unlawful Taking)**

**Fact 3:** Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information. These actions constitute multiple legal violations and give rise to the following causes of action:

**Legal Basis:**

*1. Violation of the Takings Clause (Fifth and Fourteenth Amendments, U.S. Constitution)*
    • *The Takings Clause of the Fifth Amendment, applicable to state governments through the Fourteenth Amendment, states:*
    *"Nor shall private property be taken for public use, without just compensation."*
    • *If the court's actions resulted in the unlawful eviction or deprivation of property without due process, it could be considered a regulatory or judicial taking.*
    • *In Stop the Beach Renourishment, Inc. v. Florida Dept. of Environmental Protection, 560 U.S. 702 (2010), the U.S. Supreme Court recognized that judicial actions that deprive a person of their property rights without due process can constitute an unconstitutional taking.*

*2. Violation of Procedural Due Process (Fourteenth Amendment, U.S. Constitution)*
    • *The Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law."*
    • *If the court dismissed your Emergency Motion for Stay of Eviction without a hearing or a transparent ruling, it may have denied you due process rights before depriving you of your legal property rights.*
    • *Fuentes v. Shevin, 407 U.S. 67 (1972) held that government actions affecting property interests require notice and an opportunity to be heard before deprivation occurs.*

*3. Violation of 42 U.S.C. § 1983 – Unlawful Government Action Under Color of Law*
    • *42 U.S.C. § 1983 provides a cause of action for individuals whose constitutional rights, including property rights, are violated by government actors.*
    • *If state officials or courts acted improperly in denying your motion and facilitating an eviction without due process, they may be liable under § 1983 for the deprivation of your property rights.*

*4. Wrongful Eviction and Illegal Seizure Under State Law*
    • *Pennsylvania state law provides protections against wrongful eviction. If the eviction occurred without proper judicial oversight or due process, it could be considered an illegal seizure of property.*
    • *The Pennsylvania Landlord-Tenant Act (68 P.S. §§ 250.101 – 250.602) outlines*

*legal eviction procedures, including required notice and court hearings before removing a tenant.*
* *If the eviction was based on an unlawful or procedurally defective court order, it could be challenged as an illegal seizure.*

## IV. Abuse of Power & Official Misconduct

### Factual Basis:

**Fact 1:** - The Pennsylvania Supreme Court issued orders that **shielded judges and officials accused of corruption from accountability**.

- Key defendants in the lawsuit (**judges and attorneys**) were **deliberately removed from case records** by the court system.

- The courts **refused to grant hearings** and arbitrarily dismissed the plaintiff's motions.

***Legal Basis****: Government officials who **abuse their power** and **violate citizens' rights** are in breach of **both federal and state laws**!*

**Fact 2:** In case 1133 CD 2024, Judge Scott J. O'Keefe is represented by an AOPC attorney from the Pennsylvania Supreme Court, while the City of Philadelphia, Government Law Department, Internal Affairs Division, Cherelle L. Parker, and Rahil #775 are defending themselves Pro se. This situation raises multiple legal concerns, including Abuse of Judicial Process and Due Process Violations.

### Legal Basis:

*Misuse of Government Resources*
* *If an AOPC attorney represents O'Keefe but does not extend legal representation to other government entities, it may constitute misuse of government resources and potentially violate Pennsylvania laws governing the use of public funds.*
* *Relevant Laws:*
* *Pennsylvania Ethics Act (65 Pa.C.S. § 1101 et seq.) — Prohibits government officials from using their positions for undue advantage.*
* *18 Pa.C.S. § 5301 (Official Oppression) — If a government official abuses their power to influence legal proceedings, it may constitute official oppression.*

**Fact 3:** Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information. These actions constitute multiple legal violations and give rise to the following causes of action:

16

***Legal Basis****: Abuse of Discretion and Judicial Misconduct*
- *A court abuses its discretion when it acts arbitrarily or unreasonably in handling a case.*
- *The Pennsylvania Supreme Court's failure to properly address an emergency eviction stay and its arbitrary dismissal across multiple case numbers suggest a reckless disregard for judicial responsibilities.*
- *The court's refusal to provide clarity on its decision-making process further demonstrates judicial misconduct and a lack of transparency.*

**Fact4:**The **Chief Clerk of the Supreme Court of Pennsylvania, Davin Halland**, issued a total of **ten orders** in cases **205 EAL 2024, 237 EAL 2024, 238 EAL 2024, 280 EAL 2024, 67 EM 2024, and 68 EM 2024**, all of which contained **printed signatures instead of actual signatures**, constituting **abuse of power** or **official misconduct**.

***Legal Basis****:*
*- **18 Pa.C.S. § 5301** – Official corruption*
*- **18 Pa.C.S. § 4911** – Tampering with or falsifying public records*

***Relevant Cases****:*
*- *Stone v. Powell*, 428 U.S. 465 (1976) – Holding that judicial or governmental abuse of power can result in unfair legal proceedings.*
*- *United States v. Lanier*, 520 U.S. 259 (1997) – Establishing that judicial misconduct and abuse of power can violate constitutional rights.*

## V.Civil Rights Violation (42 U.S.C. § 1983)

**Factual Basis:**

**Fact 1:**The plaintiff has been **denied a fair trial** within the Pennsylvania court system, and **all avenues of appeal have been unlawfully obstructed**.

*- **Legal Basis**: Under **42 U.S.C. § 1983**, any person acting **under the authority of state law, statutes, or regulations** who **violates an individual's constitutional rights** is liable for civil rights violations.*

**Fact 2:**Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information. These actions constitute multiple legal violations and give rise to the following causes of action:

*Violation of 42 U.S.C. § 1983 – Deprivation of Civil Rights Under Color of Law*

- *42 U.S.C. § 1983 allows civil action against state officials who violate*

17

*constitutional rights.*
   • *The Pennsylvania Supreme Court, through its officials and clerks, acted under the color of law to deprive Plaintiff of procedural due process.*
   • *By arbitrarily dismissing Plaintiff's motion and denying transparency, the court obstructed Plaintiff's access to justice, constituting a civil rights violation.*

## VI. Fraud Upon the Court

### Evidence 1:

- The court order in case **No. 68 EM 2024** was **forged**, lacking a legitimate signature, the judge's name, and failing to follow proper judicial procedures.

- In multiple cases, key defendants (judges and lawyers) were deliberately removed from the case records.

### Evidence 2: In case **No. 282 MD 2024**

   On **August 1, 2024**, the **Commonwealth Court** issued an order **per curiam**, requiring the three defendants to submit their **Respondents' Briefs** by **September 3, 2024**, and requiring me to submit my **Petitioner's Brief** within 30 days after receiving their briefs.

1,)    However, the **Commonwealth Court** engaged in fraudulent behavior. By **September 3, 2024**, the three defendants **failed to submit their Respondents' Briefs within the legally prescribed timeframe**. I have **case registration evidence from after 5:00 PM on September 3, 2024, proving this**.

2,)  ** The court clerk provided me with the **electronic filings** of the three defendants, showing a submission time of **9:00 PM on September 3, 2024**, which was **past the deadline**. This document was falsified by the court. I confirm that, after **September 3, 2024**, the three defendants **never submitted any documents in this case**, as I checked daily. This proves that the court **can systematically manipulate filing timestamps**.

3,) ** The **submission time on the Respondents' Briefs was manually printed on the document by a printer**, rather than being **recorded by the court's filing system**. I will apply for **official system records** from the court to verify this.

### Exhibit 3 : Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information.

### *Legal Basis* :

These actions constitute multiple legal violations and give rise to the following causes of action:

18

Fraud Upon the Court (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944))

- Fraud upon the court occurs when judicial officers engage in deliberate deception that corrupts the integrity of the judicial process.
- The Pennsylvania Supreme Court's use of different case numbers to dismiss the same emergency motion, without proper review, constitutes procedural fraud.
- The refusal to disclose which judges authored the per curiam order suggests an intent to conceal responsibility and evade judicial accountability.
- Any intentional misrepresentation of judicial actions or manipulation of case records could constitute judicial fraud.

## VII. Obstruction of Justice (18 U.S.C. § 1503)

**Factual Basis:** The Pennsylvania court system has deliberately obstructed the plaintiff's access to judicial relief by manipulating case procedures, deleting the defendant's name, denying hearings, and refusing to accept motions.
***Legal Basis***: *18 U.S.C. § 1503 provides that any act intended to obstruct, impede, or influence judicial proceedings may constitute a federal crime.*

## VII. Abuse of Judicial Process

**Factual Basis 1**: The defendants, including the Pennsylvania Supreme Court, federal courts, the Superior Court, and AOPC personnel, have arbitrarily issued *per curiam* rulings to dismiss the plaintiff's cases (e.g., 280 EM 2024, 282 MD 2024). By improperly using this procedural mechanism without a valid legal basis, they have obstructed justice and concealed judicial misconduct. This abuse of *per curiam* rulings constitutes a deliberate deprivation of the plaintiff's litigation rights and the continued perpetration of judicial fraud.
*Legal Basis:*
   *- **42 Pa.C.S. § 502**: The Supreme Court's supervisory authority over lower courts must be exercised in accordance with the law; arbitrary rulings exceed this authority.*
   *- **McGee v. Feege, 535 A.2d 1070 (Pa. 1987)**: Abuse of judicial process occurs when court procedures are used for improper purposes, such as rejecting legitimate claims.*
   ***Harm**: The plaintiff has been unjustly deprived of the right to judicial review, resulting in erroneous case outcomes, emotional distress, and financial losses.*

**Factual Basis 2**: The defendants, including the Pennsylvania Supreme Court, federal courts, and judges and clerks of the Philadelphia courts, have willfully abused judicial power and manipulated legal procedures to protect corrupt officials and deprive the plaintiff of judicial relief:

*19*

- **In Case No. 68 EM 2024**, the order issued on **January 17, 2025**, abused the *per curiam* format by **removing the list of corrupt judges without review** (Exhibit ).

**Legal Basis**:

- **42 Pa.C.S. § 502**: *The Supreme Court must exercise its supervisory authority in accordance with the law and **must not arbitrarily abuse its power***.

**Fact 3** :  In case 1133 CD 2024, Judge Scott J. O'Keefe is represented by an AOPC attorney from the Pennsylvania Supreme Court, while the City of Philadelphia, Government Law Department, Internal Affairs Division, Cherelle L. Parker, and Rahil #775 are defending themselves Pro se. This situation raises multiple legal concerns, including Abuse of Judicial Process and Due Process Violations.

**Legal Basis**:

1. Abuse of Judicial Process

- Providing Judge Scott J. O'Keefe with legal representation from a state government attorney while requiring other government entities and officials to defend themselves Pro se may constitute procedural unfairness, especially if this arrangement is intended to favor a particular defendant.

- Relevant Case Law: McGee v. Feege, 535 A.2d 1070 (Pa. 1987), which establishes that abuse of judicial process includes using court procedures for improper purposes, such as granting an unfair advantage to a party in litigation.

## X. Fraudulent Falsification of Court Documents

**Factual Basis 1**: In case **282 MD 2024**, an order was issued *per curiam* on **February 11, 2025**, but it contained the conclusion of an appeal denial from an entirely different case, **1133 CD 2024**. This constitutes the falsification of a court document and serves as evidence of an invalid order.

**Factual Basis 2:** The defendants have systematically issued *per curiam* rulings without identifying the responsible judges, holding hearings, or conducting judicial reviews, thereby falsifying court documents. In the listed cases (**205 EAL 2024, 237 EAL 2024, 238 EAL 2024, 280 EAL 2024, 282 MD 2024, 1133 CD 2024, 67 EM 2024, 68 EM 2024**), the plaintiff's petitions were arbitrarily dismissed through unsigned *per curiam* rulings, misleadingly impersonating legitimate judicial decisions while lacking necessary judicial authorization or review.

*Legal Basis:*

- **18 Pa.C.S. § 4101 (Forgery)**: *The defendants knowingly issued fraudulent court orders with the intent to deceive the plaintiff and deprive them of legal rights.*

- **Commonwealth v. Wilson, 329 Pa. 322 (1938)**: *Judicial orders must be issued by an authorized judge and comply with procedural requirements; falsified orders hold no legal validity.*

20

*Harm: The plaintiff's appellate rights were unlawfully denied, petitions were wrongfully dismissed, and the fraudulent misuse of judicial authority caused severe injustice.*

**Factual Basis 3:**  The defendants, including Pennsylvania Supreme Court justices, court clerks, and the **Administrative Office of Pennsylvania Courts (AOPC)**, including **Michael Daley**, deliberately falsified court documents to conceal judicial corruption and property theft. They misled the public by issuing fraudulent *per curiam* orders. Specifically, in **Case No. 68 EM 2024**, the **Pennsylvania Supreme Court issued an order on January 17, 2025**, directing court clerks to remove the names of judges from the case caption, including corrupt Philadelphia court judges (**O'Keefe J. Scott, Craig R. Levin, Joshua Roberts, Edward C. Wright, Linda Carpenter, Daniel J. Anders, Sean F. Kennedy**) and court officials (**Sean MacGregor, Benjamin D. Kohler, Letitia Santarelli**), without providing any hearing or judicial explanation. The order bore only a clerk's computer-printed signature without identifying the responsible judge and was issued while the case was still active, constituting a fraudulent abuse of judicial authority (**Exhibit Photo 1**).

*Legal Basis:*
   - **18 Pa.C.S. § 4101 (Forgery)**: *The issuance of fraudulent court orders intended to deceive and harm the plaintiff's rights.*
   - **Commonwealth v. Wilson, 329 Pa. 322 (1938)**: *Court orders must be issued by authorized judges; falsified documents are legally void.*
   - **Harm**: *The plaintiff was deprived of property and legal rights due to the defendants' concealment of corrupt judicial conduct.*

**Factual Basis 4:**  The **Chief Clerk of the Supreme Court of Pennsylvania, Davin Halland**, issued a total of **ten orders** in cases **205 EAL 2024, 237 EAL 2024, 238 EAL 2024, 280 EAL 2024, 67 EM 2024, and 68 EM 2024**, all of which contained **printed signatures instead of actual signatures**.
Court orders **must typically be signed by a clerk** to be legally valid. If an order contains only a **printed signature** instead of a **handwritten or electronic signature** and was not properly authorized or approved through legal procedures, it may constitute **forgery of court documents**.
*Legal Basis:*
- **18 U.S.C. § 505** – *Forgery of a judge's signature*
- **18 U.S.C. § 1001** – *Making false statements or forging documents*
- **42 Pa.C.S. § 4137** – *Pennsylvania contempt of court statute, including forgery of court orders*
*Relevant Cases:*
- *United States v. Farez-Ramos*, 755 F. Supp. 2d 23 (D.D.C. 2010) – *Holding that forging a court order can constitute a federal crime.*
- *United States v. Davis*, 854 F.3d 1276 (11th Cir. 2017) – *Establishing that the use of forged court documents can lead to criminal penalties.*

21

# XI. Violation of Judicial Accountability and Transparency

**Factual Basis 1:** The defendants failed to uphold accountability obligations by refusing to disclose the names of judges or legal justifications behind *per curiam* rulings in cases **205 EM 2024, 237 EM 2024, 238 EM 2024, 280 EM 2024, 282 MD 2024, 1133 CD 2024, 67 EM 2024, 68 EM 2024**. This lack of transparency violates judicial ethics and accountability standards, rendering the rulings invalid and unjust.

***Legal Basis:***

  - ***Pennsylvania Code of Judicial Conduct (Rule 2.5)**: Judges must perform their duties fairly, in accordance with the law, and ensure judicial actions remain transparent.*

  - ***Pennsylvania Constitution, Article V***: *Judicial power must be exercised in a responsible and transparent manner.*

***Harm**: The plaintiff has been unable to hold judicial officials accountable, leading to repeated violations of their rights and enabling the continued existence of fraudulent rulings.*

**Factual Basis 2:** Plaintiff, proceeding pro se, was misled and denied due process when filing an Emergency Motion for Stay of Eviction and to Vacate Order of Possession under case 67 EM 2024. Instead of properly reviewing the motion, the Pennsylvania Supreme Court dismissed it under different case numbers (205 EAL 2024, 237 EAL 2024, 238 EAL 2024, and 280 EAL 2024) using per curiam orders. When Plaintiff sought clarification on which specific judges were responsible for the ruling, the court refused to provide such information.

***Legal Basis:*** *These actions constitute multiple legal violations and give rise to the following causes of action: Violation of Pennsylvania Right-to-Know Law (65 P.S. §§ 67.101-67.3104) and Freedom of Information Act (FOIA, 5 U.S.C. § 552)*

•  *Plaintiff requested clarification on which judges were responsible for the per curiam order but was denied this information.*

•  *This refusal violates the public's right to access judicial information, as courts must maintain transparency regarding their rulings.*

•  *The Pennsylvania Right-to-Know Law and FOIA require government bodies, including courts, to provide non-exempt*

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Declaratory Judgment**
   - Declare that the Defendants' systemic use of *per curiam* rulings without hearings or proper judicial signatures constitutes a violation of Plaintiff's constitutional due process rights under the **Fourteenth Amendment**.
   - Declare that the Defendants' actions in obstructing Plaintiff's motions and judicial review amount to judicial misconduct and potential fraud.

2. **Injunctive Relief**
   - Issue a **permanent injunction** preventing the Pennsylvania Supreme Court, Commonwealth Court, and related judicial offices from issuing *per curiam* rulings in cases where procedural due process requires a hearing or judicial accountability.
   - Order the Defendants to provide full transparency in all past and future *per curiam* rulings, including the names of the justices responsible for each decision.
   - Appoint a **special master or independent oversight committee** to investigate procedural abuses within the Pennsylvania judicial system.

3. **Monetary Damages**
   - Award **compensatory damages** in the amount of **$10,000,000** (ten million dollars) for the harm caused by Defendants' actions, including legal costs, emotional distress, and obstruction of Plaintiff's constitutional rights.
   - Award **treble damages** pursuant to **18 U.S.C. § 1964(c) (RICO Act)** for the alleged pattern of corrupt activity within the Pennsylvania court system.

4. **Attorney's Fees and Costs**
   - Grant Plaintiff reimbursement for all legal costs, filing fees, and expenses incurred in bringing this action, pursuant to **42 U.S.C. § 1988**.

5. **Any Other Relief**
   - Grant any other relief this Court deems just and appropriate in the interest of justice.

Respectfully submitted,

**Lirong Xu**
Plaintiff
354 Waterloo Blvd, Unit 204
Exton, PA 19341
Email: lirongxu0524@gmail.com
Phone: 267-307-3296

Li Roy Xu

3/10/2025

23