UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIRONG XU,<br><br>            Plaintiff,<br><br>  v.<br><br>CHIEF JUDGE DEBRA TODD, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 1:25-CV-00439<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Lirong Xu ("Xu") commenced this *pro se* action on March 10, 2025, by filing a complaint. (Doc. 1). On September 4, 2025, the Court referred this case to Magistrate Judge Martin C. Carlson who filed two Reports and Recommendations (the "Reports") recommending the Court deny Xu's various pending motions and dismiss this case with prejudice. (Doc. 75; Doc. 108). On October 3, 2025, the Court adopted the Reports, dismissed this case with prejudice, denied Xu's outstanding motions, and directed the Clerk of Cout to close this case. (Doc. 127; Doc. 128). Since the Clerk of Court closed this case, Xu filed ten repetitive motions along with a motion for reconsideration. (Doc. 129; Doc. 131; Doc. 133; Doc. 135; Doc. 137; Doc. 139; Doc. 141; Doc. 143; Doc. 145; Doc. 147; Doc. 149). For the reasons discussed below, the Court **DENIES** Xu's motions and **DIRECTS** Xu to stop filing motions in this case.

**I.    LEGAL STANDARD**

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

II. **DISCUSSION**

Since the Reports and this Court's previous Memorandum correctly state the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 75; Doc. 108; Doc. 127). However, the necessary background for the purposes of the instant Memorandum is as follows. Xu initiated this *pro se* action by filing a complaint on March 10, 2025. (Doc. 1). Xu alleges Defendants, the Chief Justice of the Pennsylvania Supreme Court and various Pennsylvania state court administrators, violated her constitutional rights and committed various acts of maleficence. (Doc. 1). Throughout this litigation, Xu filed numerous repetitive motions which this Court denied. (Doc. 60; Doc. 62; Doc. 68; Doc. 72; Doc. 78; Doc. 80; Doc. 81; Doc. 82; Doc. 84; Doc. 85; Doc. 88; Doc. 96; Doc. 98; Doc. 100; Doc. 102; Doc. 104; Doc. 106; Doc. 109; Doc. 111; Doc. 113; Doc. 117; Doc. 118; Doc. 119; Doc. 121; Doc. 123; Doc. 125). In response to the Court's order dismissing this action, Xu has continued to file repetitive motions. (Doc. 129; Doc. 131; Doc. 133; Doc. 135; Doc. 137; Doc. 139; Doc. 141; Doc. 143; Doc. 145; Doc. 149). On October 20, 2025, Xu filed a motion for reconsideration along with a brief in support. (Doc. 147; Doc. 148). In her motions, Xu continues to raise arguments this Court previously considered and rejected such as her argument that Judge Carlson is not a lawful magistrate judge. *See* (Doc.

140; Doc. 148, at 1-2; Doc. 150). These arguments do not warrant granting Xu's motion for reconsideration because they are merely "a rehashing of the arguments that she made in her original motion[s]." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (denying a motion for reconsideration where the plaintiff repeated arguments already rejected by the court); *see Smalis v. City of Pittsburgh*, No. 2:19-CV-1609-NR, 2024 WL 2319508, at *2 (W.D. Pa. May 22, 2024) (same). The only new argument Xu raises is an argument that the Court was not permitted to deny her various repetitive motions as moot after dismissing this case with prejudice. (Doc. 147, at 3). However, where a district court properly dismisses a case with prejudice, the court may also deny outstanding motions as moot. *See Jean-Baptiste v. United States Dep't of Just.*, No. 25-1995, 2025 WL 2255012, at *1 (3d Cir. Aug. 7, 2025) (nonprecedential) (stating, "'[b]ecause the district court properly dismissed with prejudice all of the claims against [the defendant], it correctly denied the remaining pending motions as moot'" (citing *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023)); *see also Stockton v. McGinley*, No. 1:22-CV-00902, 2023 WL 4744063, at *5 (M.D. Pa. June 21, 2023), *aff'd*, No. 23-2304, 2024 WL 3770305 (3d Cir. Aug. 13, 2024) (denying pending motions as moot after dismissing an action with prejudice). Accordingly, the Court **DENIES** Xu's motions. (Doc. 129; Doc. 131; Doc. 133; Doc. 135; Doc. 137; Doc. 139; Doc. 141; Doc. 143; Doc. 145; Doc. 147; Doc. 149).

   Further, a court may issue an order "prohibiting further filings without permission of the court" where a plaintiff establishes "a pattern of groundless and vexatious litigation." *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). A plaintiff establishes a pattern of groundless and vexatious litigation where she "continues to file repetitive motions even after [her] case has been closed." *Nottingham v. Cooley*, No. 4:19-CV-00595, 2023 WL

3470124, at *4 (M.D. Pa. May 15, 2023). Since the Clerk of Court closed this case, Xu filed ten separate repetitive motions. (Doc. 129; Doc. 131; Doc. 133; Doc. 135; Doc. 137; Doc. 139; Doc. 141; Doc. 143; Doc. 145; Doc. 149). While Xu is free to appeal this case to the Third Circuit and file a notice of appeal, the Court **DIRECTS** Xu to stop filing motions in this case.

III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Xu's motion for reconsideration and various other motions. (Doc. 129; Doc. 131; Doc. 133; Doc. 135; Doc. 137; Doc. 139; Doc. 141; Doc. 143; Doc. 145; Doc. 147; Doc. 149). Further, as this case is closed, the Court **DIRECTS** Xu to stop filing motions in this case.

An appropriate Order follows.

BY THE COURT:

Dated: October 23, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**